**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Kayla Pender, individually and on behalf of all others similarly situated** | **Case No:** |
| *Plaintiff,* | **JUDGE** |
| **v.** | |
| | **COLLECTIVE ACTION** |
| **Flying S. Wings, Inc. d/b/a Buffalo Wild Wings** | **COMPLAINT** |
| *Defendant.* | |

   Kayla Pender ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Flying S. Wings, Inc. d/b/a Buffalo Wild Wings ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"), Article II, Section 34A of the Ohio Constitution ("Ohio Constitution"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.02, 4111.08, 4111.09, 4111.10, 4111.13, and 4111.99 ("the Ohio Wage Act" or "OWA").

   Named Plaintiff's FLSA overtime and minimum wage claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Ohio Wage Act minimum wage claims are asserted as a collective action under the Ohio Constitution and O.R.C. § 4111.14(k). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

1

**NATURE OF SUIT**

1.      This is a collective action brought by Plaintiff on behalf of herself and all others similarly situated. The putative collective members are all individuals employed by Defendant as servers in Ohio, and who were paid a subminimum cash hourly wage.

2.      Plaintiff and the other similarly situated individuals Plaintiff seek to represent are current and former servers who are tipped employees as defined under the FLSA, the Ohio Constitution, and the Ohio Wage Act.

3.      Defendant has a policy or practice of paying their employee servers, such as Plaintiff, subminimum hourly wages under the tip-credit provisions of the FLSA. However, because Defendant cannot prove that it complied with the tip credit provisions, Defendant is liable for violating the FLSA, as well as the Ohio Constitution and the Ohio Wage Act, by failing to pay its servers, including Plaintiff, the full minimum wage as required under the FLSA and established by the Ohio Constitution and the Ohio Wage Act.

4.      Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage. See 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. See 29 U.S.C. § 203(m).

5.      "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, [the employer] gets no credit."

*Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977).

6.      Under the tip-credit provisions of section 203(m) of the FLSA, an employer may, under certain circumstances, pay tipped employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires tipped employees to pay for any items or tools used to perform their work; (3) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); or (4) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

7.      The Ohio Constitution and the Ohio Wage Act establishes a minimum wage within

3

the State of Ohio and recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of up to half the minimum wage.

8. The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Ohio employers comply with the minimum wage standards set forth by the Ohio Constitution and the Ohio Acts and limits the maximum allowable tip credit to half the minimum wage.

9. Here, Defendant imposed a tip credit upon all its' servers, including Plaintiff.

10. Defendant failed to comply with the tip credit provisions, and therefore, Defendant violated the FLSA and Ohio Law by paying its servers, including Plaintiff, less than minimum wage.

11. Defendant failed to comply with the tip credit—an affirmative defense—because Defendant (1) failed to inform its servers, including Plaintiff, of the tip credit provisions as required by section 203(m) of the FLSA; (2) failed to allow its servers, including Plaintiff, to retain all of their tips because it required its servers, including Plaintiff, to purchase various items to perform their jobs and unlawfully incur other expenses in connection with their work as servers; (3) paid subminimum wages to its servers, including Plaintiff, to perform non-tipped work *unrelated* to their tipped occupation (i.e., "dual jobs"); and (4) paid subminimum wages to its servers, including Plaintiff, to perform non-tipped work that, although related to their tipped occupation, exceeded twenty percent (20%) of their time worked in a workweek.

12. Defendant's practices have resulted in a forfeiture of the "tip credit." Consequently, as a result of any one or more violations of the tip credit—an affirmative

defense—Defendant is liable for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA and Ohio Law.

13.     Because there are other servers who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action individually and on behalf as a collective action to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, costs, and all other damages provided for under the FLSA and Ohio Law.

**PARTIES**

14.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

15.     Plaintiff, Kayla Pender, is an individual and resident of Ohio, residing in St. Clairsville, Belmont County. Plaintiff was employed by Defendant as a server within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA and the Ohio Wage Act. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

16.     The Putative FLSA Collective Members (the "FLSA Collective") are all individuals who worked as servers at any one or more of Defendant's restaurants located in Ohio at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than the federal minimum wage. The "FLSA Collective" members will "opt-in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b). "FLSA Collective" members include all individuals who file a consent to join this lawsuit.

17.    The Putative Ohio Wage Act Collective Members (the "OWA Collective") are all individuals who worked as servers at any one or more of Defendant's restaurants located in Ohio at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than the Ohio minimum wage set for that year. The "OWA Collective" members will "opt-in" pursuant to O.R.C. § 4111.14(k) by filing a consent to become a party-plaintiff. "OWA Collective" members include all individuals who worked for Defendant in Ohio who file a consent to join this lawsuit.

18.    The FLSA Collective and the OWA Collective will be collectively referred to as "Collective Members."

19.    At all times hereinafter mentioned, Plaintiff and Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

20.    The Collective Members are all individuals who worked as a server for at least one workweek at any of Defendant's restaurants in Ohio at any time during the three (3) year period preceding the filing of this lawsuit and who were paid a direct cash wage of less than minimum wage. The Collective Members will include all individuals who sign and file a consent to join this action as required by the FLSA and the Ohio Wage Act. *See* 29 U.S.C. § 216(b) and O.R.C. § 4111.14(k).

21.    At all times hereinafter mentioned, Plaintiff and the Collective members were individual employees of Defendant as defined by the FLSA and the Ohio Wage Act. *See* 29 U.S.C. § 203(e) and O.R.C. 4111.14(B).

22.    Defendant, Flying S Wings, Inc., is a corporation formed under the laws of Ohio

and doing business as Buffalo Wild Wings. Defendant operates several Buffalo Wild Wings locations in Ohio, including the Buffalo Wild Wings in Saint Clairsville, Ohio, where it employed Plaintiff to work. Defendant may be served with process by serving its registered agent, Scott A. Llyod, at 3800 Jefferson STPO Box 560, Bellaire, Ohio, 439060000.

JURISDICTION AND VENUE

23.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

24.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because a substantial portion of the claims in this suit arise under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

25.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Ohio Constitution and Ohio Wage Act claims because these non-federal claims arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

26.     This Court has personal jurisdiction over Defendant Flying S Wings, Inc. because Defendant is domiciled in and doing business in this District.

27.     Moreover, this Court has personal jurisdiction over Defendant because Defendant is incorporated in Ohio, and therefore is a citizen of Ohio. Alternatively, Defendant is subject to personal jurisdiction in Ohio because it operates a chain of restaurants in Ohio, including the restaurant in St. Clairsville, Ohio (Belmont County), where it employed Plaintiff to work. Through its ownership and operation of restaurants in Ohio, Defendant has availed itself of the benefits and protections of doing business in this State, and therefore, Defendant is subject to personal jurisdiction in Ohio.

7

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because at all times relevant to the matters set forth in this Complaint, Plaintiff worked at Defendant's restaurant location in St. Clairsville, Ohio, which is within this district and division. In addition, a substantial part of the events and omissions giving rise to the claims alleged in this Complaint occurred at the restaurant in St. Clairsville, Ohio, which is within this district and division.

COVERAGE

29. Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

30. At all relevant times, Defendant "employed" Plaintiff and the Collective members within the meaning of Section 3(d) of the FLSA and the Ohio Wage Act. *See* 29 U.S.C. § 203(d) and O.C.R. §§ 4111.03 and 4111.14.

31. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Collective members.

32. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

33. At all relevant times, Plaintiff and the FLSA Collective were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendant and Defendant is an enterprise engaged in commerce or in the production of goods for commerce as required by

29 U.S.C. §§ 206-207. Specifically, as part of their employment, Plaintiff and the FLSA Collective handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, while employed by Defendant to work as servers at its restaurants, Plaintiff and the FLSA Collective served customers who were traveling from out-of-state or across interstate lines. Finally, Plaintiff and the FLSA Collective regularly and frequently processed interstate credit card transactions during every shift they worked.

34.     At all relevant times, Plaintiff and the Ohio Wage Act Collective constituted individual employees employed by an employer as the term "employee" is defined under O.C.R. 4111.14 ("In accordance with Section 34a of Article II, Ohio Constitution, the terms 'employer,' 'employee,' 'employ,' 'person,' and 'independent contractor' have the same meanings as in the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 203, as amended."). While working as servers at one or more of Defendant's restaurants, Plaintiff and the OWA Collective provided services for the benefit of Defendant by serving paying customers who were dining at one of Defendant's restaurants in Ohio.

35.     At all relevant times, Plaintiff and the OWA Collective constituted individual employees employed by an employer as the term "employee" is defined under O.C.R. 4111.03. While working as servers at one or more of Defendant's restaurants, Plaintiff and the OWA Collective provided services for the benefit of Defendant by serving paying customers who were dining at one of Defendant's restaurants in Ohio.

#### FACTUAL ALLEGATIONS

36.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

37. From approximately October 2019 until June 15, 2021, Defendant employed Plaintiff Kayla Pender to work at Defendant's restaurant located at 50725 Ohio Valley Place Access Road, Saint Clairsville, Ohio 43950 (Belmont County). During her employment, Defendant paid Plaintiff a subminimum hourly wage plus tips.

38. Defendant had gross receipts (exclusive of excise tax) in excess of $500,000 for each year in 2018, 2019, and 2020.

39. Defendant employed Plaintiff and others (i.e., the Collective Members) to work as servers at its restaurants in Ohio and Defendant paid them all subminimum hourly wages prior to accounting for the receipt of earned tips.

40. Defendant violated the FLSA, the Ohio Constitution, and the Ohio Wage Act by paying Plaintiff, the Collective Members a subminimum hourly wage.

41. Defendant paid Plaintiff and the other servers a subminimum hourly wage— ostensibly relying on the tip credit as a defense to Defendant's obligation to pay the full minimum wage as adopted by the FLSA, the Ohio Constitution, and the Ohio Wage Act. Defendant relied heavily on customer tips to supplement its servers' wages and bring their pay up to the Ohio state minimum wage.

42. Defendant imposed a tip credit upon all its servers, including Plaintiff and the Collective Members. For example, in 2021, Defendant paid Plaintiff and its other servers a subminimum hourly wage of $5.00 per hour, prior to accounting for the receipt of tips. Defendant then took a tip credit of $3.80 per hour to offset the subminimum hourly wage and bring its servers' effective hourly rate of pay, with the receipt of customer tips, up to the required Ohio state minimum wage of $8.80. This example holds true for 2018 when the Ohio minimum wage

10

was $8.30, 2019 when the Ohio minimum wage was $8.55, and 2020 when the Ohio minimum wage was $8.70.

43.     However, Defendant did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of federal and Ohio wage laws.

44.     First, Defendant cannot avail itself of the tip credit because it failed to inform Plaintiff and its other servers of the tip-credit provisions as required by the FLSA. *See* 29 U.S.C. § 203(m).

45.     Second, Defendant subjected Plaintiff and the Collective Members to its policy of requiring tipped employees to purchase various items and incur expenses to perform their jobs. For instance, Plaintiff and the other servers paid for uniforms, shirts, server books, walked tabs, copies of payroll documents, and other items and expenses in connection with performing their jobs for Defendant. Defendant's practice of allowing its tipped employees (i.e., Plaintiff and the Collective Members) to pay for items and expenses in connection with their jobs is a violation of the tip credit. *See e.g., Donovan v. Simmons Petrol. Corp.,* 725 F.2d 83, 84 (10th Cir. 1983) (holding that an employer's deductions of "cash register shortages and the amount of uncollectible checks accepted by its employees from the paychecks of employees who were on duty when the shortages occurred" was a willful FLSA violation); *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is impermissible if the deduction cuts into the statutory minimum wage); *Reich v. Priba Corp*., 890 F. Supp. 586, 596 (N.D. Tex. 1995) ("[t]he FLSA does not permit an employer to transfer to its employees the responsibility for the expense of carrying on an enterprise."); 29 C.F.R. 531.3(d)(1), (2); 29 C.F.R.

11

531.32(c); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554-55 (6th Cir. 1999); *see also Herman v. Collis Foods, Inc.*, 176 F.3d 912, 918 (1999) (recognizing "the FLSA's policy of preventing employers from exploiting § 203(m) deductions for profit.").

46.     Third, Defendant violated the FLSA and Ohio Law by enforcing a policy or practice of paying Plaintiff and the Collective Members subminimum wages even when those employees were being required to perform non-tipped work that was *unrelated* to their tipped occupation (i.e., "dual jobs").

47.     Fourth, Defendant violated the FLSA by enforcing a policy or practice of requiring its servers (i.e., Plaintiff and the Collective Members) to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent (20%) of their time worked in one or more individual workweeks.

48.     Defendant regularly and frequently requires Plaintiff to perform a number of non-tipped duties ***unrelated*** to her tipped occupation as a server while only paying her a subminimum hourly wage. The non-tipped unrelated duties she is required to perform while being paid a subminimum hourly wage includes, but is not limited to: taking out trash; sweeping and mopping floors; cleaning booths; washing dishes; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; wiping down and disinfecting all items and areas in the front of the house; washing and putting away all dishes and cups; rolling all flatware; cleaning and restocking all table caddies; cleaning and sanitizing all table tops, chairs, and booths including table and chair legs; wiping down drink menus; wiping down countertops and cabinet doors; cleaning and restocking all soda and server stations with necessary paper products; cleaning pop machine and nozzles (including taking apart

12

nozzles, cleaning with pot and pan soap, and putting back on machine); filling all ice bins at server stations; discarding iced tea and scrubbing urns and nozzles, discarding lemons and washing container; sweeping and mopping server station in dining room; washing trays; sweeping dining room; vacuuming the front-of-the-house; emptying trash cans; taking out all trash from restaurant to the dumpster; emptying all soap and sanitizer buckets, wash and sanitize, and put away; gathering up dirty towels and used mop heads and placing them in the dirty linen containers in the dumpster area; taking and preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders; answering the phone; working the cash register; greeting and seating customers; preparing food; and rolling bins full of silverware.

49.     At all times other than time spent performing these *unrelated* duties prior to opening the restaurant,[1] at all other times (including during a shift, after the restaurant was closed, or during a shift change), Defendant paid Plaintiff and the Collective Members a subminimum hourly wage for the time that they were performing these non-tipped duties.

50.     Defendant's practice of paying Plaintiff and the other servers subminimum hourly wages to perform non-tip producing work violates the tip credit. *See, e.g., Callaway v. DenOne, LLC*, No. Civ. A. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019).

51.     In addition to performing duties *unrelated* to their jobs as servers, Defendant also regularly and frequently required Plaintiff and the Collective Members to perform a number of

---

[1]     When assigned to an "opening shift," Defendant paid Plaintiff and the Collective Members the full minimum wage to perform opening tasks. However, at all times after the restaurant opened, Defendant only paid Plaintiff and the Collective Members subminimum hourly wages including all time spent performing unrelated duties and sidework duties during a shift, after the restaurant closed, or during a shift change.

13

non-tipped duties *related* to their tipped occupation. For example, Defendant regularly and frequently required Plaintiff and the Collective Members to perform a number of non-tipped duties **related** to their tipped occupation, including but not limited to: workplace maintenance tasks such as filling salt and pepper shakers; setting tables; rolling silverware; cutting lemons; and making specialty drinks such as lemonades and iced teas.

52.    The nontipped duties that were related to their tipped occupation as servers exceeded twenty percent (20%) of their time worked during each workweek, and therefore, is a violation of the tip credit. *See, e.g., Callaway v. DenOne, LLC*, No. Civ. A. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Miss. 2019); *Romero v. Top-Tier Colo. LLC*, 849 F.3d 1281, 1284 (10th Cir. 2017) (citing *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 875 (8th Cir. 2011)) ("30d00(e) of the applicable version of the DOL's Field Operations Handbook (FOH) 'provides that if a tipped employee spends a substantial amount of time (defined as more than 20 percent) performing related but nontipped work, . . . then the employer may not take the tip credit for the amount of time the employee spends performing those duties.'")

53.    Finally, Defendant's method of paying Plaintiff and the Collective Members in violation of the FLSA and Ohio Law was not based on good-faith and a reasonable belief that its conduct complied with the FLSA or Ohio Law. Therefore, an award of liquidated damages is mandatory.

54.    Defendant's method of paying Plaintiff and the Collective Members in violation of the FLSA and Ohio Law was willful and was not based on good-faith or reasonable belief that its

conduct complied with the law. Therefore, a three-year statute of limitations applies due to the willful nature of the violations.

55.     During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiff. Because there are other putative collective members who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action as a collective action to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

### FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

57.     Plaintiff brings the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective"). In addition to the claims of the Named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendant. The proposed collective of similarly situated employees (the "FLSA Collective") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All individuals who worked as servers at any one or more of Defendant's restaurants located in Ohio at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than the federal minimum wage.**

58.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

59. Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other servers who worked for Defendant. Specifically, Plaintiff is aware of other servers who were required to pay for business expenses and perform non-tipped work while being paid subminimum hourly wages.

60. Plaintiff and the FLSA Collective members have the same pay structure, have the same job duties, were required to pay for non-203(m) items, and were required to perform non-tipped duties while being paid at the subminimum "tipped wage." Plaintiff and the FLSA Collective members are all victims of Defendant's unlawful compensation scheme.

61. Plaintiff and the FLSA Collective members are all non-exempt for purposes of minimum wage payments under the FLSA.

62. Defendant's failure to pay minimum wage pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective members. Plaintiff's experience regarding pay are typical of the experiences of the FLSA Collective members.

63. Although the exact amount of damages may vary among the FLSA Collective members, the damages for the FLSA Collective members can be calculated using a single formula. The FLSA Collective members' claims arise from a common nucleus of facts. Defendant's systematic course of illegal conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiffs and the FLSA Collective members.

**Ohio Wage Act Collective Allegations**

16

64.    Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

65.    Plaintiff brings the Ohio Constitution and the Ohio Wage Act minimum wage claims as an "opt-in" collective action pursuant to O.R.C. § 4111.14(k) (the "OWA Collective"). In addition to the claims of the Named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current Ohio employees of Defendant. The proposed collective of similarly situated employees (the "OWA Collective") sought to be certified pursuant to O.R. C. § 4111.14(k), is defined as:

> **All individuals who worked as servers at any one or more of Defendant's restaurants located in Ohio at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than the Ohio minimum wage for the year they worked.**

66.    The Ohio Constitution and the Ohio Wage Act minimum wage claims may be pursued by those who opt-in to this case, pursuant to O.R.C. § 4111.14(k).

67.    Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the Ohio Constitution and Ohio Wage Act. Plaintiff is aware of other employees who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other servers who worked for Defendant. Specifically, Plaintiff is aware of other servers who were required to pay for business expenses and perform non-tipped work while being paid subminimum hourly wages.

68.    Plaintiff and the OWA Collective members have the same pay structure, have the same job duties, were required to pay for non-203(m) items, and were required to perform non-

tipped duties while being paid at the subminimum "tipped wage." Plaintiff and the OWA Collective members are all victims of Defendant's unlawful compensation scheme.

69.     Plaintiff and the OWA Collective are all non-exempt for purposes of minimum wage payments under the Ohio Constitution and the Ohio Wage Act.

70.     Defendant's failure to pay minimum wage pursuant to the Ohio Constitution and the Ohio Wage Act results from generally applicable policies or practices and does not depend on the personal circumstances of the OWA Collective members. Plaintiff's experiences regarding pay are typical of the experiences of the OWA Collective members.

71.     Although the exact amount of damages may vary among the OWA Collective members, the damages for the OWA Collective members can be calculated using a single formula. The OWA Collective members' claims arise from a common nucleus of facts. Defendant's systematic course of illegal conduct in violation of the Ohio Wage Act's minimum wage requirements caused harm to Plaintiffs and the OWA Collective members.

### COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS
(*on Behalf of Plaintiff and the FLSA Collective*)

72.     The foregoing paragraphs are fully incorporated herein.

**A.     Minimum Wage Violations under the FLSA.**

73.     Defendant's failure to pay Plaintiff and the FLSA Collective members at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

74.     During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and the FLSA Collective members in an enterprise engaged in commerce or in the production of commerce

within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

75.     Defendant failed to pay Plaintiff and the FLSA Collective members the full minimum wage according to the provisions of the FLSA for each hour and workweek that Plaintiff and the FLSA Collective members worked for Defendant during the statutory time period in violation of 29 U.S.C. § 206(a).

76.     In addition, to the extent Defendant intends to rely on the "tip credit" as an affirmative defense to the payment of minimum wage, Defendant has violated the tip credit because Defendants: (1) failed to give Plaintiff and the FLSA Collective members notice of the tip credit provisions as required by the FLSA; (2) required Plaintiff and the FLSA Collective members to incur business expenses; (3) paid Plaintiff and the FLSA Collective members subminimum hourly wages to perform non-tipped work *unrelated* to Plaintiff's and the FLSA Collective members' tipped occupation; and (4) paid Plaintiff and the FLSA Collective members subminimum hourly wages to perform non-tipped work that, although related to Plaintiff and Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek.

77.     Defendant's illegal practices in violation of the FLSA result in Defendant's forfeiture of the tip credit, and therefore, Defendant is precluded from relying on tips to supplement Plaintiff's and the FLSA Collective members' subminimum hourly rate. Consequently, Defendant is liable to Plaintiff and the FLSA Collective members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages and penalties provided for under the FLSA.

19

78.     None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate, including the tip credit, are applicable to Defendant, Plaintiff, or the FLSA Collective members.

79.     Because there are other putative FLSA Collective members who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiffs bring this lawsuit as a collective action under § 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of themselves and the FLSA Collective members.

**B.      Unlawful Kickbacks under the FLSA.**

80.     Plaintiff and the FLSA Collective members were required to incur expenses and pay for various tools and other business expenses. These expenses incurred by Plaintiff and the FLSA Collective members constitute unlawful "kick-backs" and is proscribed by the FLSA, 29 U.S.C. § 203(m).

81.     In addition, section 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. § 203(m)(2)(B).

82.     Therefore, Plaintiff and the FLSA Collective members are entitled to the minimum wage differential for each hour worked plus an award of back pay for all unlawful kickbacks required by Defendant. *See* 29 U.S.C. § 216(b) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of

any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.").

### COUNT II
### OHIO WAGE ACT VIOLATIONS
(*on behalf of Plaintiff and the OWA Collective*)

83.     The above and foregoing paragraphs are incorporated herein as if set forth in full.

84.     Pursuant to the Ohio Wage Act, employers, such as Defendant, who fail to pay an employee their wages in conformance with the Ohio Wage Act shall be liable to the employee for the balance of the full amount of wages owed, together with attorney fees and court costs. *See* O.C.R. 4111.Penalties

85.     During the three-year period preceding the filing of this lawsuit, Defendant violated (and continues to violate the Ohio Wage Act) by regularly and repeatedly failing to pay Plaintiff and the Ohio Collective members the full minimum wage according to the provisions of the Ohio Wage Act. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Collective members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

86.      Plaintiff and the Ohio Collective members are entitled to unpaid minimum wage compensation and all other damages and penalties provided for under Ohio law.

\*      \*      \*

### RELIEF SOUGHT

21

87.    Plaintiff, individually and on behalf of the FLSA Collective members and the OWA

Collective members, prays for judgment against Defendant as follows:

a.    For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid wages (including all misappropriated tips and all unlawful expenses incurred) owed to Plaintiff (and those who join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated tips and expenses incurred) owed to Plaintiff (and those who join in the suit);

b.    For an order awarding Plaintiff (and those who join in the suit) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

c.    For an order pursuant to O.R.C. § 4111.14 (k) finding the Defendant liable for unpaid minimum wages (including all misappropriated tips and all unlawful expenses incurred) owed to Plaintiff (and those who join in the suit), and for liquidated damages of an additional two -times the unpaid minimum wages and attorney's fees and costs;

d.    For an order awarding Plaintiff (and those who join in the suit) their attorneys' fees incurred;

e.    For an order awarding Plaintiff (and those who join in the suit) all costs and expenses incurred in pursuing this action; and

f.    For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By:_____

Robert E. DeRose, OH Bar No. 0055214
**BARKAN MEIZLISH DEROSE, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
614-221-4221 – Telephone
614-744-2300 - Facsimile
bderose@barkanmeizlish.com

-and-

Drew N. Herrmann
(*pro hac vice application forthcoming*)
drew@herrmannlaw.com
Pamela G. Herrmann
(*pro hac vice application forthcoming*)
pamela@herrmannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

ATTORNEYS FOR PLAINTIFF, FLSA
COLLECTIVE MEMBERS, AND OHIO
COLLECTIVE MEMBERS