fIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KAYLA PENDER,** *individually and on behalf of all others similarly situated*, | : |
| Plaintiffs, | : |
| v. | Case No: 2:21-cv-04292 |
| **FLYING S. WINGS, INC.** *et al.*, *d/b/a* **Buffalo Wild Wings,** | Judge Algenon L. Marbley |
| | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before this Court on Defendants' Motion to Dismiss Opt-In Plaintiffs Who Failed to Participate in Discovery. (ECF No. 103). For the reasons stated below, the Motion is **DENIED**. Plaintiffs are **ORDERED to SHOW CAUSE,** in writing and no later than fourteen (14) days from the date of this Order, why the Unresponsive Opt-In Plaintiffs and Noah Leiter should not be dismissed for failure to prosecute.

## I.    BACKGROUND

Named Plaintiff Kayla Pender, on behalf of herself and others similarly situated, brought this collective action against Defendants Flying S. Wings, Inc.; Flying Buffalo Inc.; Chase & Green Corp.; Scott Lloyd; and Stephon Green. ("Defendants"). (ECF No. 42). Pursuant to the scheduling order, the fact discovery deadline was October 18, 2024. (ECF No. 86).

The parties created a discovery plan requiring all Opt-In Plaintiffs to respond to written discovery requests. (ECF No. 103). While most complied, twelve failed to respond by the discovery deadline ("Unresponsive Opt-In Plaintiffs").[1] (ECF No. 103 at 1).

---

[1] Defendants' motion names fourteen Opt-In Plaintiffs: Robin Chandler; Makenzie Chichick; Brittney Copodonna; Alexis Logan Cupp; Negab Fasola; Charlee Gundy; Amy Hanket; Isabelle Hart; Courtney McGuire; Kaitlyn Nice;

Defendants also explain that Opt-In Plaintiff Noah Leiter, while responding to the written requests, failed to attend his deposition. (*Id.*). According to the parties, Mr. Leiter does not have a car and relies on others for transportation. Plaintiffs explained that Leiter's lack of transportation, along with other scheduling issues, made attending an in-person deposition difficult. (ECF No. 111 at 1-2). Mr. Leiter's deposition was initially scheduled for September 27, 2024, and later rescheduled to October 17, 2024, due to Leiter's unavailability. (ECF Nos. 103 at 2; 111 at 2-3).

On October 24, 2024, an order was entered allowing Mr. Leiter's deposition to be taken after the discovery cutoff. (ECF No. 101). By agreement of counsel, it was rescheduled for October 29, 2024. (ECF Nos. 103 at 2; 111 at 3). Defendants provided a Zoom link for the deposition, but Leiter failed to appear. Plaintiffs noted that "the same issues with counsel schedules and Mr. Leiter's work schedule and difficulty securing transportation persisted, and eventually he stopped responding to Plaintiffs' Counsel." (ECF No. 111 at 3).

On November 11, 2024, Defendants filed a motion to dismiss, requesting that this Court dismiss with prejudice Opt-In Plaintiff Noah Leiter and the Unresponsive Opt-In Plaintiffs. (ECF No. 103). Plaintiffs opposed the motion, asking that this Court either deny Defendants' request or enter a show cause order allowing time to demonstrate cause for unresponsiveness. (ECF No. 111 at 1).

## II.  LAW AND ANALYSIS

This Court has inherent authority to dismiss with prejudice a plaintiff's action for his or her failure to prosecute. This is expressly recognized under Rule 41(b) of the Federal Rules of Civil Procedure, which authorizes involuntary dismissal for failure to prosecute or to comply with

---

Emma Paschen; Laken Propps; Kaeligh Ratliff; and Salton Stecyk. (ECF No. 103 at 1). Isabella Hart and Megan Fasola, however, filed a Notice of Withdrawal, effectively withdrawing its consent from participating in this lawsuit. (ECF Nos, 98; 99). Accordingly, they are dismissed from this case.

rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors when deciding whether to dismiss an action for failure to prosecute under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008). "'Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, Plaintiffs have not explained the continued lack of response from twelve of the seventy individuals who opted into this action. Moreover, while Mr. Leiter responded to the written requests, he nonetheless failed to appear at his scheduled depositions and eventually ceased communication with Plaintiffs' counsel. (ECF No. 111 at 2). This failure to respond is significant, as "[t]rial courts within this Circuit have agreed that an opt-in plaintiff's failure to respond to his counsel constitutes willful conduct weighing in favor of dismissal." *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-CV-432, 2015 WL 8331980, at *2 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 2:14-CV-432, 2016 WL

3

183566 (S.D. Ohio Jan. 14, 2016) (collecting cases). As to the second factor, Plaintiffs argue that Defendants are not prejudiced by the absence of the Unresponsive Opt-In Plaintiffs' written discovery responses, given the number of Opt-Ins who did comply. (*Id*. at 4). Defendants have not argued prejudice, nonetheless this Court recognizes twelve out of seventy Opt-Ins Plaintiffs failing to participate is not insignificant number, so this weighs slightly in favor of dismissal.

It is unclear, however, whether the Unresponsive Opt-In Plaintiffs received effective notice that their failure to prosecute could result in dismissal. The third factor of the Rule 41(b) analysis requires a court to consider whether the party was warned of this potential consequence. This "establishes a preference for warning parties that dismissal is being contemplated by the court." *Volunteer Mgmt. & Dev. Co. v. State Auto Prop. & Cas. Ins. Co*., No. 1:23-CV-00041, 2024 WL 3381294, at *9 (M.D. Tenn. July 11, 2024) (internal quotations omitted). As this Court remains uncertain as to whether such warning was given, this factor weighs against granting Defendants' motion. This also bears on the fourth factor, whether less drastic sanctions are available. "There are instances where dismissal without such a warning is acceptable," particularly where the party has engaged in dilatory and contumacious conduct. *Id.* No such conduct is apparent here. Accordingly, the final factor also weighs against dismissing the Unresponsive Opt-In Plaintiffs.

As such, these factors marginally favor dismissal with prejudice. This aligns with the observation that, "[i]n the context of collective actions, dismissal of optin plaintiffs for failure to provide discovery, respond to the court's orders, or respond to their attorney's efforts to contact them justified dismissal pursuant to R. 41(b)." *Oakes v. J.F.Bernard, Inc*., No. 5:11-CV-1006, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012), *report and recommendation adopted*, No. 5:11CV1006, 2012 WL 3561851 (N.D. Ohio Aug. 16, 2012). Nonetheless, given the uncertainty

4

5

regarding whether a sufficient warning was provided, this Court finds that dismissal at this stage is premature. A show cause order is warranted.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Opt-In Plaintiffs Who Failed to Participate in Discovery (ECF No. 103) is **DENIED**.

Plaintiffs are **ORDERED to SHOW CAUSE, in writing and no later than fourteen (14) days from the date of this Order, why the Unresponsive Opt-In Plaintiffs and Noah Leiter should not be dismissed for failure to prosecute**. Plaintiffs are cautioned that each Unresponsive Opt-In Plaintiff's continued failure to respond timely and satisfactorily will result in a dismissal of that Unresponsive Opt-In Plaintiff for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2025**