**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KAYLA PENDER,** *individually and on behalf of all others similarly situated*, | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No: 2:21-cv-04292** |
| v. | : | |
| | : | **Judge Algenon L. Marbley** |
| **FLYING S. WINGS, INC.** *et al.*, | : | **Magistrate Judge Kimberly A. Jolson** |
| *d/b/a* **Buffalo Wild Wings,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>OPINION & ORDER</u>**

**I.        INTRODUCTION**

This matter is before the Court on Plaintiff Kayla Pender's Motions in Limine (ECF Nos. 137, 138, 139, 140, 141, 142, 143, 144, and 145) in advance of trial, which is set to begin on February 17, 2026.  Also before the Court is Defendant Flying S. Wings's Unopposed Motion for Disclosure of Trial Witnesses Instanter (ECF No. 161). For the reasons set forth below, Pender's Motions to Exclude (ECF Nos. 138, 139, 140, 142, 143, and 145) are **GRANTED**. Pender's Motions to Exclude (ECF Nos. 137, 141, and 144) are **DENIED**. Defendant Flying S. Wings's Unopposed Motion for Disclosure of Trial Witnesses Instanter (ECF No. 161) is **GRANTED**.

**II.       BACKGROUND**

This case arises out of alleged violations of the Fair Labor Standards Act relating to the pay of tipped employees at four restaurants doing business as Buffalo Wild Wings in Ohio and West Virginia. The factual background of this case has previously been set out in full detail in this

1

Court's September 2, 2025, Opinion & Order, which granted in part and denied in part Pender's Motion for Partial Summary Judgment. (*See generally* ECF No. 122).

### III. STANDARD OF REVIEW

The purpose of a motion in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The decision to deny or "to grant a motion in limine falls within the sound discretion of the trial court." *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)). The guiding principle is "to ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The burden rests on the movant, *Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008), who must demonstrate to the Court that the evidence she seeks to exclude is "clearly inadmissible on all potential grounds." *Delay*, 2012 WL 5878873, at *2 (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). But "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Furthermore, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison*, 2008 WL 343176, at *1 ("Courts . . . are generally reluctant to grant broad exclusions of evidence *in limine*, because a court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

## IV.    LAW & ANALYSIS

Plaintiff Kayla Pender has submitted nine (9) Motions in Limine (ECF Nos. 137, 138, 139, 140, 141, 142, 143, 144, and 145). These Motions are now ripe for review.

### A.    Eliciting Testimony from Corporate Witnesses (ECF No. 137)

Under Federal Rule 30(b)(6), corporations may designate corporate representatives to testify on matters of which the corporation has knowledge during depositions. Plaintiff Kayla Pender seeks to preclude Defendants from eliciting testimony at trial from their corporate representative witnesses under Federal Rule 30(b)(6) regarding any subject matter outside of the representative's personal knowledge (ECF No. 137 at 3). Specifically, Plaintiffs contend that Federal Rule 30(b)(6) does not abdicate the personal knowledge requirement under Federal Rule of Evidence 602. Defendants oppose the Motion. (ECF No. 165).

To support their arguments Plaintiffs cite to *United States v. EES Coke Battery, LLC*, 2025 WL 2623431 (E.D. Mich. Sept. 11, 2025) for the proposition that Rule30(6)(b) does not eliminate Rule 602's personal knowledge requirement. (ECF No. 137 at 3). Upon further examination of the case, however, this Court finds that *EES Coke Battery* specifies that Rule 602's personal knowledge requirement works differently when a human being speaks for a corporation and accordingly, corporate representatives may testify to information they learned through interviews or review of documents, not just their own firsthand knowledge. *EES Coke Battery*, 2025 WL 2623431, at *8–9 (citing *Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 205 (6th Cir. 2016)).

Accordingly, this Court will not exclude Defendants from eliciting testimony from the corporate representatives as framed by Plaintiffs as the Court emphasizes that the "personal knowledge" requirement in this context is inclusive of information a representative may not have known firsthand but did know *at the time of the deposition* via information conveyed to them by

other employees or from review of company documents. Pender's Motion in Limine (ECF No. 137) is **DENIED**.

### B.    Aggregate Income Earned by Plaintiffs (ECF No. 138)

Next, Pender has moved to exclude any evidence, testimony, and argument about any aggregate income earned by any of the Plaintiffs. (*See generally* ECF No. 138). Defendants do not oppose this Motion. Accordingly, this Court **GRANTS** Plaintiff's Unopposed Motion in Limine (ECF No. 138).

### C.    Classification of Job Duties as Tipped or Non-Tipped (ECF No. 139)

Pender has also moved to preclude any statements regarding the legality of Defendants' classification of job duties as non-tipped or tipped. (ECF No. 139 at 3). Specifically, Plaintiffs contend that any opining about whether a duty is tipped or non-tipped delves into the legal analysis, which is the Court's job, not the job of a lay witness. (*Id.*) (citing *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988)). Defendants oppose this Motion, as they argue that determinations of whether certain job duties are tip producing or non-tip producing are a mixed question of law and fact. (ECF No. 164 at 2) (citing *Hurt v. Commerce Energy, Inc.*, 973 F.3d 509, 516 (6th Cir. 2020)).

Defendants further contend that "why and how a certain duty impacts or produces tips is directly relevant to the question of whether such a duty is a tipped duty or a non-tipped duty." (*Id.*). In their view, during a "bench [trial], the application of the unfair prejudice portion of Rule 403 has been seen as an unnecessary and 'useless procedure' because the judge has to see the supposedly prejudicial evidence in order to rule on the issue. *EES Coke Battery*, 2025 WL 2623431, at *6 (citing *United States v. Hall*, 202 F.3d 270 (6th Cir. 2000)).

This Court finds that Defendants' construction of Plaintiff's Motion is incorrect. Defendants portray Plaintiff's Motion as broadly attempting "to exclude any evidence at trial that certain job duties are tipped duties or non-tipped duties." (ECF No. 164 at 1). In reality, however, Plaintiffs merely seek to prevent Defendants from eliciting statements that their classification of a particular duty as tipped or non-tipped is *legal*. (ECF No. 139 at 3). In fact, Defendants agree with Plaintiffs that a lay witness offering a legal opinion on this issue would be impermissible. (ECF No. 164 at 2) ("Plaintiffs' Motion is correct insofar as it states the uncontroversial proposition that testimony or evidence of legal opinions is generally not admissible."). Accordingly, under Plaintiff's suggested rule, Defendants would be permitted to introduce evidence as to "what duties were performed, when, by whom, and for how long, in addition to the extent to which those duties produced or impacted tips[,]" so long as the presentation of such evidence does not include an explicit opinion as to the legality of the classification by Defendants.(ECF No. 164 at 3).

Further, the fact that courts have determined whether certain job duties are tip producing or non-tip producing is a mixed question of law and fact (*Hurt*, 973 F.3d 509, 516) does not vitiate the rule that lay witnesses may not opine on questions of law. Plaintiff's Motion requests exactly that—that Defendants' witnesses be barred from opining on whether Defendants' classification of any particular job duty was legal.

Accordingly, this Court finds that any statements opining on the legality of Defendants' designation of tipped or non-tipped duties are precluded. As such, this Court **GRANTS** Plaintiff's Motion in Limine (ECF No. 139).

**D.       Suggestions that Plaintiffs are Greedy or Acting Improperly (ECF No. 140)**

Pender has also moved to exclude any evidence, inference, statements, arguments or suggestions that Plaintiffs are greedy or otherwise acting improperly by seeking full compensation

under the law. (*See generally* ECF No.140). Defendants do not oppose this Motion. Accordingly, this Court **GRANTS** Plaintiff's Unopposed Motion in Limine (ECF No. 140).

### E.      Statements Denying that a Kickback Occurred (ECF No. 141)

Next, Pender has moved to exclude testimony that a kickback did not occur simply because the employees do not have records of purchases made, as allowing such testimony would violate Rules 402 and 403. (*See generally* ECF No. 141). Plaintiffs allege that they were forced to pay for "tools of the trade[,]" while working for Defendants, and that Defendants were obligated to reimburse those purchases but failed to do so. (*Id.* at 3). Moreover, Plaintiffs allege that Defendants' failure to reimburse them constitutes an illegal kickback under the FLSA. (*Id.*). Accordingly, Plaintiffs plan to "present evidence regarding employees being required to pay for various non-203(m) items such [as] 'tools of the trade,' uniforms, cash register shortages/walked tabs, and other non-203(m) items while working for Defendants." (*Id.*). Plaintiffs contend that any reference to Plaintiffs not having documentation of these purchases should be barred, as it is the duty of the employer to keep these records. (*Id.*). Defendants oppose this Motion arguing that Plaintiffs seek an overly limiting instruction given that Defendants dispute the existence of these purchases entirely. (ECF No. 167).

This Court finds that Plaintiffs suggested exclusion is overly broad. Defendants' assertions that certain payments did not occur is not prejudicial and it is within the right of Defendants to dispute the existence of such. Again, given this is a bench trial, this Court is capable of assessing the relevant burdens at play here without a limiting instruction. As such, this Court **DENIES** Plaintiff's Motion in Limine (ECF No. 141).

suggestions by fact witnesses about matters of law, and legal conclusions, including legal determinations and opinions. (*See generally* ECF No.142). Defendants do not oppose this Motion. Accordingly, this Court **GRANTS** Plaintiff's Unopposed Motion in Limine (ECF No. 142).

F.      **Use of Representative Evidence Exclusively from the Named Plaintiff and There Presentational Opt-In Plaintiffs (ECF No. 143)**

Pender has moved to preclude Defendants from objecting to the Plaintiffs use of representative evidence exclusively from the Named Plaintiff and the Representational Opt-In Plaintiffs. (See generally ECF No.143). Defendants do not oppose this Motion, "as that is what the Parties agreed to in their Supplemental Phase Two Rule 26(F) Report." (EFC No. 163 at 2). Accordingly, this Court **GRANTS** Plaintiff's Unopposed Motion in Limine (ECF No. 143).

G.      **Statements Regarding Defendants' Shifting Burden Under 203(M) or Duty to Retain Time and Pay Records (ECF No. 144)**

Pender seeks to preclude Defendants from offering any evidence, inference, statements, or arguments regarding shifting Defendants' burden under 203(m) or the statutory duty to maintain accurate time and pay records of the Plaintiffs. (ECF No. 144 at 3). In opposition, Defendants argue that Pender's Motion "should be denied for the simple reason that it is premature and overbroad and as drafted would potentially exclude properly admissible evidence concerning Plaintiffs' ability to substantiate their alleged kickback violation and/or the amount of time it took Plaintiffs to perform their sidework." (ECF No. 162 at 2).

In the Defendants view, there was no duty for them to maintain records relating to the purchases of items that do not fall into the "tools of the trade" definition or for purchases that did not occur at all. (*Id.*). They further contend that plaintiffs must first prove they had to make such

7

purchases and thus Defendants should be permitted to challenge whether such evidence exists. (*Id.*).

This Court finds Plaintiffs proposed limit to be overly broad given the shifting burden under 203(M). While case law supports that Plaintiffs may not be penalized by an employer's lack of documentation, they must still produce sufficient evidence to show that the work occurred, prior to the burden shifting to the Defendants. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946) ("we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."). Thus, this Court will not limit discussion of Defendant's burden or duty to maintain records generally. Accordingly, this Court **DENIES** Plaintiff's Motion in Limine (ECF No. 144).

### H. Documents Not Timely Produced or Disclosed (ECF No. 145)

Pender finally seeks to prevent Defendants from arguing or presenting evidence at trial referencing witnesses or documents that Defendants did not produce or timely disclose. (ECF No. 145). Defendants do not oppose this Motion as they do not currently intend to bring forth any undisclosed evidence. Defendants argue, however, that the Motion should be denied for instances in which "their failure to disclose such evidence is either 'harmless or is substantially justified' and thus such evidence is admissible." (ECF No. 162 at 2) (citing *Roberts v. Galen of Va.*, Inc., 325 F.3d 776, 783 (6th Cir. 2003)). Accordingly, this Court **GRANTS** Plaintiff's Motion in Limine

8

(ECF No. 145). If a party who wishes to bring undisclosed evidence can prove it is either harmless or substantially justified, however, the evidence will be admissible.

**I.      Defendant Flying S. Wings's Unopposed Motion for Disclosure of Trial Witnesses Instanter (ECF No. 161)**

Finally, besides the motions in limine, Defendants have also filed a Motion to Disclose Trial Witnesses Instanter (ECF No. 161). Counsel for the Defendants requests leave to submit their list of trial witnesses beyond the January 16, 2026, deadline due to counsel's misunderstanding of the Scheduling Order. (*Id.* at 1). Plaintiffs do not oppose this Motion. (*Id.* at 2).

Accordingly, Defendant's Motion (ECF No. 161) is **GRANTED**.

**V.      CONCLUSION**

For the reasons stated more fully above, this Court **GRANTS** Pender's Motions to Exclude (ECF Nos. 138, 139, 140, 142, 143, and 145), **DENIES** Pender's Motions to Exclude (ECF Nos. 137, 141, and 144), and **GRANTS** Flying S. Wings's Unopposed Motion for Disclosure of Trial Witnesses Instanter (ECF No. 161). Accordingly, the Court **EXCLUDES** from trial:

1.      any evidence, testimony, and argument about any aggregate income earned by any of the Plaintiffs;

2.      any statements regarding the legality of Defendants' classification of job duties as non-tipped or tipped

3.      any evidence, inference, statements, arguments or suggestions that Plaintiffs are greedy or otherwise acting improperly by seeking full compensation under the law;

4.      any evidence, inference, statements, arguments or suggestions by fact witnesses about matters of law, and legal conclusions, including legal determinations and opinions;

5.      any objections from Defendants regarding the Plaintiffs use of representative evidence exclusively from the Named Plaintiff and the Representational Opt-In Plaintiffs; and

6.      any argument or presenting evidence at trial referencing witnesses or documents that a party did not produce or timely disclose, unless the party who wishes to bring undisclosed evidence can prove it is either harmless or substantially justified.

Additionally, Plaintiffs must provide Defendants with the list of witnesses they plan to call at trial by the end of the day on Friday, February 13, 2026, and again at the end of Tuesday February 17, 2026, if Plaintiffs will continue calling witnesses the next day. Defendants must provide Plaintiffs with the list of witnesses they plan to call at trial by the end of the day on Tuesday, February 17, 2026, or alternatively on Wednesday, February 18, 2026, if Plaintiffs do not rest on Tuesday, and at the end of each day going forward so long as trial continues.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE: February 11, 2026**