**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAYLA PENDER,** ***individually and on behalf of all others similarly situated,*** | : | |
| | : | **Case No. 2:21-cv-04292** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **FLYING S. WINGS, INC.** ***et al.*****,** ***d/b/a*** **Buffalo Wild Wings,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**OPINION AND ORDER**

This matter is before this Court on Plaintiff's Motion in Support of Attorneys' Fees and Costs. (ECF No. 199). Defendants filed no motion in opposition, and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). For the reasons below, this Court **GRANTS** Plaintiff's Motion in Support of Attorneys' Fees and Costs and awards **$323,104.60** in attorneys' fees and costs.

## I. BACKGROUND

On August 31, 2021, Plaintiff Kayla Pender, on behalf of herself and all others similarly situated, brought suit against Defendants Flying S. Wings, Inc., Flying Buffalo Inc., Chase & Green Corp., ("Corporate Defendants"); and Scott Lloyd, and Stephon Green ("Individual Defendants"). (ECF No. 1). Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.02 *et seq*. (*Id.* at 1). Plaintiffs then filed an Amended Complaint on November 4, 2021, and a Second Amended Complaint on June 15, 2022. (ECF Nos. 10, 42).

After almost five years of litigation, and a three-day bench trial, Plaintiffs prevailed on nearly all their claims under the FLSA, and the Ohio Minimum Fair Wage Standards Act. (ECF

No. 197). This Court found the Corporate Defendants liable to Plaintiffs for paying their employee servers and bartenders subminimum hourly wages under the tip-credit provisions of the FLSA without proper notice to the employees. (*Id.* at 32–33). This Court held Plaintiffs were "entitled to recover the amount of the tip credit taken for each hour they worked, plus all misappropriated tips and unlawful deductions, plus an amount as liquidated damages for the West Virginia Plaintiffs and two times that amount for the Ohio Plaintiffs." (*Id.* at 32). This Court further held that Plaintiffs were "entitled to reasonable attorneys' fees and costs." (*Id.*).

On July 6, 2026, Plaintiff filed a Motion in Support of Attorneys' Fees and Costs. (ECF No. 199). Defendants did not respond. The matter is now ripe for resolution.

## II. LAW & ANALYSIS

When a plaintiff prevails in an action under the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs are thus entitled to reasonable attorneys' fees and costs. *Id.*; (*See* ECF No. 197 at 32). The only question before this Court turns on the reasonableness of the attorneys' fees requested.

The starting point for a determination of reasonable attorneys' fees and costs is the lodestar approach: "multiplying the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Miller v. Food Concepts Int'l, LP,* 2017 WL 5247542, at *2 (S.D. Ohio Nov. 13, 2017) (Marbley, J.) (quoting *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004)). The lodestar method requires: 1) a determination of reasonable billing rates; and 2) a determination of reasonable hours expended. *Id.* The resulting amount may "be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Id.* (quoting *Moore*, 355 F.3d at 565). The party seeking a fee award bears the burden of submitting evidence in support of the hours and the rates claimed. *Id.*

Here, under 29 U.S.C. § 216(b), Plaintiff requests this Court award **$293,506.00** in attorneys' fees and **$29,598.60** in litigation costs for a total of **$323,104.60**. (ECF No. 199 at 5). For the reasons set forth below, this Court awards the full amount requested.

**A. Reasonable Hourly Rates**

The first step of the Lodestar is to determine whether Plaintiff offered a reasonable hourly billing rate for their services. While Defendants do not challenge the reasonableness of the requested rates here, this Court may adjust them as necessary. *See Miller*, 2017 WL 5247542, at *2. The appropriate rate is not necessarily the values sought; rather, it is the market rate sufficient to encourage competent representation. *Id.* at *3. This Court may consider a party's submissions awards in analogous cases, state bar association guidelines, and its own knowledge and experience from handling similar requests for fees. *Id.* (citing *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)). Ultimately, the party seeking the award bears the burden of submitting evidence in support of the rates claimed. *Id.*

The Sixth Circuit has looks to six considerations in determining the reasonableness of a rate:

> 1) the value of the benefit rendered to the [client], 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (internal quotations omitted). The most critical factor is "the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, Plaintiff seeks an award based on a $600 hourly rate for Attorney Robert DeRose; a $300 hourly rate for Attorneys Jacob Mikalov, Anna Doren, and Nickole Iula; $170 for Paralegal

Julie Streich; $150 for Paralegal Kitty Knowlton; and $115 for Law Clerks Logan Speyer and Luke Schobert.

*1. Attorney Robert DeRose*

Attorney DeRose seeks a billable rate of $600. (ECF No. 199-1 at 12). Since graduating from the University of Dayton School of Law, DeRose has spent thirty-four (34) years as a trial attorney and twenty (20) years representing employees and consumers in class action lawsuits. (ECF No. 199-1 ¶ 11). Here, this class action was complex; DeRose helped secure his client the valuable benefit of near-total success at trial; and he took this representation on a contingent fee basis. These facts favor upholding his hourly rate.

Additionally, DeRose submitted ample evidence in support of his rate, including a declaration in support of his fees and a biography. (*See generally id.*) Among various recognitions and awards, DeRose is an editing author to the American Bar Association's treatise: *The Fair Labor Standards Act;* and serves as a Practical Law Contributor on the FLSA and Ohio Wage Act, the two statutes at issue in the case at bar. (*Id.*, attach. 2 at 1). Notably, a court in this district recently found DeRose's hourly billing rate of $600 reasonable considering his "significant experience." *Erickson v. Walsh Constr. Grp., LLC*, 2026 WL 1101968, at *3 (S.D. Ohio Apr. 23, 2026) (Sargus, J.). This Court agrees.

*2. Attorneys Jacob Mikalov, Anna Doren, & Nickole Iula*

Attorneys Mikalov, Doren, and Iula seek a billable rate of $300. (ECF No. 199-1 at 12). Unlike Attorney DeRose, these associates did not submit evidence in support of their rates. Where the record is limited, this Court may rely on awards in analogous cases, state bar association guidelines, and its own knowledge and experience. *See Van Horn*, 436 F. App'x at 499.

The Ohio State Bar Association's most recent fee survey supports the requested rate. Attorney Mikalov performed his work on the case during his first nine months of practice, and Attorney Doren during her first year and a half. Attorney Iula performed her work during her fourth and fifth years of practice.

Statewide, private practitioners with two years of experience or less report a median hourly rate of $215, a 75th-percentile rate of $250, and a 95th-percentile rate of $329. Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2023*, at 41. Practitioners with three to five years of experience report a median rate of $250, a 75th-percentile rate of $281, and a 95th-percentile rate of $321. *Id.* The survey is one of several sources this Court may consult, and it does not confine this Court to the median. *See The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 719 (6th Cir. 2016).

The survey reports 2023 billing data, and courts in this district adjust such figures by four percent annually. *See Regenold v. Ohio State Bd. of Educ.*, 2023 WL 4549365, at *2 (S.D. Ohio July 14, 2023); *Ball v. Kasich*, 2020 WL 3050241, at *2–3 (S.D. Ohio June 8, 2020). Because counsel performed this work in 2021 and has waited roughly five years for payment, this Court applies current rather than historic rates. *See Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010). Adjusted to 2026, the 75th-percentile rate is approximately $281 for attorneys in their first two years of practice and approximately $316 for attorneys with three to five years of practice. The requested rate of $300 falls below the 75th percentile for Attorney Iula, and between the 75th and 95th percentiles for Attorneys Mikalov and Doren.

Placement in the upper portion of the survey's range is warranted for Attorneys Mikalov and Doren. The survey aggregates private practitioners across every practice area and setting, few of

whom litigate a wage-and-hour class action through trial. These associates worked under the direction of a recognized authority on the FLSA and the Ohio Wage Act, on a complex matter that ended in near-total success for the class. The requested rate of $300 reflects that work, and the survey supports it.

*3. Paralegals & Law Clerks*

The paralegals and law clerks request fees ranging from $115 to $170. Recognizing that paralegals and clerks are an integral part of any legal team, this Court has previously approved similar rates. *Easter v. Beacon Tri-State Staffing, Inc.*, 2020 WL 419433, at *2 (S.D. Ohio Jan. 27, 2020) (Marbley, J.) (approving $150 hourly rate for paralegals); *Yerkes v. Ohio State Highway Patrol*, 2024 WL 4929293, at *14 (S.D. Ohio Dec. 2, 2024) (Sargus, J.) (approving $175 hourly rate for a paralegal). Therefore, this Court finds the paralegals and clerks' respective billable rates reasonable.

Ultimately, the rates for Attorney DeRose, Attorneys Mikalov, Doren, and Iula, and the paralegals and clerks are reasonable.

**B. Hours Reasonably Expended**

The second step in determining the Lodestar is to determine the reasonableness of the hours expended in this case. *Easter*, 2020 WL 419433, at *2. In determining the hours reasonably expended, "[t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus.*, 898 F.2d 1169, 1177 (6th Cir. 1990). Attorneys seeking fees must "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours

expended on the case" and "should exercise billing judgment with respect to hours worked." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (quoting *Wooldridge*, 898 F.2d at 1177) (internal quotation marks omitted). This Court must "conclude that the party seeking the award has sufficiently documented its claim." *Id.* (internal quotations omitted).

Importantly, this Court need not "achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Indeed, "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. Courts may "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838.

Plaintiff seeks remuneration in the following amount:[1]

| **Timekeeper** | **Rate** | **Hours** | **Total Fees** |
|---|---|---|---|
| Attorney Robert DeRose | $600 | 324.20 | $194,520.00 |
| Attorney Jacob Mikalov | $300 | 6.10 | $1,830.00 |
| Attorney Anna Doren | $300 | 228.30 | $68,490.00 |
| Attorney Nickole Iula | $300 | 16.70 | $5,010.00 |
| Paralegal Julie Streich | $170 | 100.00 | $17,000.00 |
| Paralegal Kitty Knowlton | $150 | 11.50 | $1,725.00 |
| Law Clerk Logan Speyer | $115 | 20.70 | $2,380.50 |
| Law Clerk Luke Schobert | $115 | 20.20 | $2,323.00 |

Here, the hours expended are reasonable. Plaintiffs submitted thorough records detailing billing records from the pre-complaint stage through the resolution of this litigation. (ECF No.

[1] This table only includes individuals who billed more than five hours to this litigation. This Court has also reviewed the entries of the remaining timekeepers and finds them reasonable.

199-1, attach. 3). These records are sufficiently detailed, demonstrating a clear connection between the hours expended and the tasks performed. (*See id.*). The hours reasonably and appropriately reflect five years of litigation culminating in success at trial. Defendants likewise raise no objection to Plaintiff's $29,598.60 in costs, which are recoverable under 29 U.S.C. § 216(b) and documented in the record. (ECF No. 199 at 5). Consequently, this Court finds no justification to reduce Plaintiff's attorneys' fees and costs on the basis of unreasonable hours expended.

## III. CONCLUSION

For the reasons stated herein, this Court **GRANTS** Plaintiff's Motion in Support of Attorneys' Fees and Costs and awards **$293,506.00** in attorneys' fees and **$29,598.60** in costs for a total of **$323,104.60**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 27, 2026**